**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2997-20

STEPHEN TURDO,

    Plaintiff-Appellant,

v.

ELISA TURDO,

    Defendant-Respondent.

_____

Submitted September 21, 2022 – Decided September 28, 2022

Before Judges Haas and DeAlmeida.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Gloucester County, Docket No. FM-08-0922-12.

Smedley Law Group, attorneys for appellant (AllynMarie Smedley, on the briefs).

Elisa Turdo, respondent pro se.

PER CURIAM

In this post-judgment matrimonial matter, plaintiff appeals from the Family Part's May 11, 2021 order that reduced, but did not terminate, his alimony and life insurance obligations to defendant. We affirm.

The parties were married in November 1984, and divorced in June 2013. According to their Dual Final Judgment of Divorce, plaintiff was required to pay defendant permanent alimony in the amount of $400 per week commencing June 1, 2014, and to maintain $200,000 in life insurance to secure this obligation.

Plaintiff retired in 2021 and filed a motion seeking to terminate or reduce his alimony and life insurance obligations. Defendant opposed the motion and both parties submitted financial information. The trial judge considered the parties' arguments and rendered a comprehensive written decision that fully detailed his findings of fact and conclusions of law. The judge concluded that plaintiff had demonstrated a change in his circumstances that warranted a reduction of his alimony obligation to $200 per week. In addition, the judge ruled that plaintiff only needed to maintain a $100,000 life insurance policy in order to secure this obligation.

On appeal, plaintiff argues that the trial judge should have terminated both of his support obligations. Based on our review of the record and the applicable

2

law, we affirm substantially for the reasons expressed by the judge. We add the following brief comments.

The scope of our review of the Family Part's order is limited. We owe substantial deference to the Family Part's findings of fact because of that court's special expertise in family matters. Cesare v. Cesare, 154 N.J. 394, 411-12 (1998). Thus, "[a] reviewing court should uphold the factual findings undergirding the trial court's decision if they are supported by adequate, substantial and credible evidence on the record." MacKinnon v. MacKinnon, 191 N.J. 240, 253-54 (2007) (alteration in original) (quoting N.J. Div. of Youth & Fam. Servs. v. M.M., 189 N.J. 261, 279 (2007)).

While we owe no special deference to the judge's legal conclusions, Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995), "we 'should not disturb the factual findings and legal conclusions of the trial judge unless . . . convinced that they are so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice' or when we determine the court has palpably abused its discretion." Parish v. Parish, 412 N.J. Super. 39, 47 (App. Div. 2010) (quoting Cesare, 154 N.J. at 412). We will reverse the trial court's decision "[o]nly when the [its] conclusions are so 'clearly mistaken' or 'wide of the mark'

. . . to ensure that there is not a denial of justice." N.J. Div. of Youth & Fam. Servs. v. E.P., 196 N.J. 88, 104 (2008) (quoting N.J. Div. of Youth & Fam. Servs. v. G.L., 191 N.J. 596, 605 (2007)).

Applying these principles, plaintiff's arguments concerning the May 11, 2021 order reveal nothing "so wide of the mark" that we could reasonably conclude the order constituted "a denial of justice." The record amply supports the judge's factual findings and, in light of those findings, his legal conclusions are unassailable.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2997-20